

William C. Baton
Phone: (973) 286-6722
Fax: (973) 286-6822
wbaton@saul.com
www.saul.com

February 2, 2023

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ 08608

    Re:    *In re Vascepa Antitrust Litigation (Indirect Purchaser Plaintiffs)*
             Civil Action No. 21-12061 (ZNQ)(RLS)

Dear Judge Singh:

    We write on behalf of the Amarin defendants in the above-captioned matter in response to the indirect purchaser plaintiffs' January 31, 2023 letter (D.I. 86) (the "IPP Letter"). We recognize that the Court expects the parties to address the IPP Letter at the February 14, 2023 DRL case Rule 16 Conference, and we will be prepared to do so. But in advance, we write to provide further background and to correct certain representations in the IPP Letter.

    As an initial matter, the IPP Letter incorrectly states that this case is consolidated with certain other matters pending against Amarin. In fact, Judge Goodman entered an order on October 29, 2021 coordinating—not consolidating—the IPP and DPP cases. *See* Civil Action No. 21-12061, D.I. 68 (coordinating the two cases under the caption of *In re Vascepa Antitrust Litigation*). That order specifically states that the cases are not consolidated (*see* Paragraph 8), and no consolidation or coordination order has been entered between *In re Vascepa Antitrust Litigation* and the DRL action (Civil Action No. 21-10309). Discovery in *In re Vascepa Antitrust Litigation* is currently stayed pending Judge Quraishi's decision on the pending motions to dismiss in the IPP and DPP actions (*see* Civil Action No. 21-12061, D.I. 69), which has not yet occurred.

    Ignoring Judge Goodman's order staying discovery in *In re Vascepa Antitrust Litigation,* the IPP Letter instead urges the Court to allow discovery to proceed in that case because Judge Quraishi denied in part the motion to dismiss in the DRL action. The IPPs' request should be denied. Judge Goodman's order staying discovery remains in place, and as explained in this letter and Amarin's portion of the Joint Discovery Plan filed in the DRL action (Civil Action No. 21-10309, D.I. 100) ("JDP"), good cause does not exist to vacate or bypass that order. The IPPs'

One Riverfront Plaza, Suite 1520 ♦ Newark, NJ 07102-5426 ♦ Phone: (973) 286-6700 ♦ Fax: (973) 286-6800

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Hon. Rukhsanah L. Singh, U.S.M.J.
February 2, 2023
Page 2

request to launch discovery in their case is premature because the motions to dismiss have not been decided in *In re Vascepa Antitrust Litigation*, nor has the Court set a Rule 16 conference. In fact, these are the reasons why discovery in that case is currently stayed, notwithstanding previous attempts by the IPPs to start discovery.

Further, the IPP Letter claims that discovery should proceed because the IPPs' claims and DRL's claims are "largely identical." IPP Letter at 1. That is also incorrect. The IPPs' claims differ in meaningful ways from DRL's claims. For example, the IPPs have asserted that Amarin's patent cases against the generic manufacturers of Vascepa were anticompetitive (a claim that DRL has not made). Amarin has moved to dismiss these claims because Amarin's patent litigation is constitutionally protected petitioning activity that cannot support an antitrust claim. *See* Civil Action No. 21-12061, D.I. 64-1. If those claims are dismissed, that would significantly narrow the scope of discovery by eliminating any need for discovery related to the prior patent litigation. As explained in the JDP, it would therefore be highly inefficient and unreasonable to take discovery related to the prior patent cases while the motions to dismiss are pending. In addition, Amarin has moved to dismiss three of the named IPPs from the case because those plaintiffs have no viable claims under New Jersey law. *See* Civil Action No. 21-12061, D.I. 64-1. It is not efficient or reasonable for the parties to commence discovery of those named plaintiffs while motions to dismiss their claims are pending.

Finally, as Amarin explained in the JDP, the IPPs' proposed schedule is unworkable. The IPPs propose that class certification briefing begin in approximately five months, which would mean that all class certification discovery must occur before then. But until the pending motion to dismiss is resolved, it would be premature to engage in class certification discovery and briefing because it is not yet settled what claims are even part of the class or which named plaintiffs may even be representing the class.

For the foregoing reasons, we respectfully request that the Court deny the IPPs' request to begin discovery. Thank you for Your Honor's kind attention to this matter.

Respectfully yours,

*William C. Baton*

William C. Baton

cc: All counsel (via email)